**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4871

JEFFREY TATE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-97-38-H)

Submitted: June 9, 1998

Decided: July 20, 1998

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tracy C. Curtner, HAFER, MCNAMARA, CALDWELL, CUTLER
& CURTNER, P.A., Raleigh, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Christine Witcover Dean, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Jeffrey Tate was convicted pursuant to his guilty plea of one count of possession with intent to distribute cocaine and crack cocaine. On appeal he alleges that he was entitled to a three-level reduction in his base offense level for acceptance of responsibility pursuant to USSG § 3E1.1;[1] that the district court erroneously determined that he was a supervisor in a criminal activity pursuant to USSG § 3B1.1(c); that the evidence did not support an enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1); that he qualified for the "safety valve" provision in USSG §§ 5C1.2 and 2D1.1(b)(6); and that the court should have granted his motion for a downward departure. Finding no reversible error, we affirm.

In August 1995, law enforcement officers in California arrested Ronnie Boston on drug conspiracy charges. Boston agreed to cooperate and identified his suppliers and customers, including Tate. Boston told officials that he had known Tate since they were in junior high school together and had sold drugs to Tate on several occasions since 1993.[2] In June 1996, Boston placed a monitored telephone call to Tate. Tate stated that he had been trying to reach Boston because he needed to purchase more drugs, and Boston agreed to supply Tate. However, due to bureaucratic problems, Boston was not able to call Tate again until January 1997. In a series of telephone calls, Boston and Tate negotiated the purchase of three kilograms of crack cocaine. Officers arrested Tate shortly after he arrived at the transaction site

_____

[1] **U.S. Sentencing Guidelines Manual** (1995).
[2] Boston was able to purchase drugs more cheaply in California and transported them to North Carolina, where they sold for a much higher price.

2

and seized the purchase money, an inside-the-pants holster, ammunition, and a loaded .25 caliber handgun.**3**

As he did at trial, Tate challenges the district court's sentencing calculations in a number of ways. First, Tate alleges that the court erred by not granting his motion for a downward adjustment based on acceptance of responsibility. Tate cites to his guilty plea and the fact that he agreed to be debriefed concerning his drug activities in support of his claim. The burden is on the defendant to show that he is entitled to the reduction, and the reduction is only appropriate where the defendant has shown an affirmative acceptance of responsibility for his behavior. See United States v. Harris , 882 F.2d 902, 906-07 (4th Cir. 1989). In the present case, the Government asserted at sentencing that Tate lied during the debriefing and continuously tried to minimize his involvement with drugs. Tate responds that the Government wanted him to provide information he did not have. We find that this presents a credibility determination, which the district court resolved against Tate. Since evidence in the record supports the court's decision, we find that it was not clearly erroneous. See United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996) (district court's factual determination concerning acceptance of responsibility reviewed for clear error).

Tate also challenges the district court's decision to enhance his base offense level because he played a supervisory role in the conspiracy. We review the district court's factual determination concerning Tate's role in the offense for clear error and find none. See United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991). The record shows that Tate had at least two people screening his calls for him.**4** Since the Guidelines only require that a defendant supervise one other individual for the enhancement to apply,**5** we find that the district court properly calculated this part of Tate's sentence. Moreover, while Tate

_____

**3** The ammunition and handgun were found under the driver's seat of the vehicle driven by Tate during an extensive search conducted approximately one hour after his arrest.
**4** While this in itself is not a crime or indicative of criminal activity, the record suggests that these people knew who Boston was and were aware of the nature of his relationship with Tate.
**5** See USSG § 3B1.1, comment. (n.2).

3

alleges that he was merely an intermediary between Boston and his cousin and that any comments he made to the contrary were simply bragging, we find that this, too, presents a credibility issue which the court resolved against him.

Tate further alleges that the evidence was insufficient to support the district court's enhancement for possession of a firearm because he denied ownership of the weapon or knowledge that it was in the vehicle. We disagree. The Government need only prove that the enhancement is applicable by a preponderance of the evidence, and the district court's factual determinations must be upheld unless they are clearly erroneous. United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3).

In the present case, we find that the record supports the district court's determination that Tate's drug sentence should be enhanced. Boston informed investigators that Tate usually carried a firearm under the front seat of his vehicle during drug transactions.[6] In addition, the holster was found lying in plain view on the front passenger seat. Moreover, even though Tate alleged he was going to meet an old friend and did not need a firearm, the district court properly concluded that he was carrying a large amount of cash and would return with a large quantity of crack cocaine. As a result, it was not clearly improbable that the firearm was available for Tate's use in connection with his drug trafficking if necessary. Since the evidence supports the district court's finding that Tate possessed a firearm in connection with his drug trafficking offense and that he played a supervisory role in the conspiracy, he was not eligible for sentencing under the "safety valve" provision. See 18 U.S.C. § 3553(f) (1994); USSG § 5C1.2.

Finally, we reject Tate's assertion that he was entitled to a downward departure because of his unusual acceptance of responsibility, minor role in the offense, and temporary withdrawal from the

_____

[6] Although Tate's sister testified that the firearm and vehicle belonged to her, possession, not ownership, is the issue.

4

conspiracy.[7] It is well-settled that a district court's decision not to grant a motion for downward departure is not reviewable unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). In the present case, the district court heard Tate's arguments on these issues and properly determined that a departure was not warranted under the circumstances. There is nothing in the record suggesting that the court believed that it lacked the authority to grant Tate's motion.

We therefore affirm Tate's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[7] Tate alleges that he only returned to the drug trade at Boston's urging.

5